UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHOWHOMES FRANCHISE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| LEB SOLUTIONS, LLC and LINDA SAAVEDRA, | ) ) ) |
| Defendants. | ) ) |

Case No. 3:17-cv-00508
Judge Aleta A. Trauger

## MEMORANDUM & ORDER

Pending before the court is a Motion to Dismiss or, in the Alternative, Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Docket No. 25) filed by the defendants, LEB Solutions, LLC ("LEB") and Linda Saavedra, to which the plaintiff, Showhomes Franchise Corporation ("Showhomes"), has filed a Response in opposition (Docket No. 27), and the defendants have filed a Reply (Docket No. 37). For the reasons discussed herein, the defense motion will be granted with regard to the request to transfer venue, and the case will be transferred to the Northern District of Texas. The court will not address the grounds for dismissal of this action.

## FACTS & PROCEDURAL HISTORY

Showhomes is a Georgia corporation with its principal place of business in Nashville, Tennessee. LEB is a Florida corporation with its principal place of business in Florida. Saavedra is an individual who resides in Tampa, Florida, and is the sole member of LEB. Showhomes is a residential property staging company that provides various services to help accelerate the sale of vacant properties and assist owners of occupied properties with redesign

1

and interior updating. In October 2008, Showhomes entered into a contract that granted LEB the right to own and operate a Showhomes franchised business in Florida for ten years. This contract was followed in January 2009 by another contract (collectively, the "Franchise Agreements") granting LEB the right to own and operate a second Showhomes franchised business in Florida. In December 2015, LEB assigned all rights, title, interest, and obligations under the Franchise Agreements to a third party, Custom Brands, LLC, pursuant to an Assignment and Consent Agreement ("Assignment Agreement"). Showhomes alleges that, in the fall of 2016, it obtained information indicating that the defendants had breached the Franchise Agreements before the assignment of rights to Custom Brands. Specifically, Showhomes alleges that LEB did not accurately report sales, failed to pay fees, and operated outside of contractually-defined territories. Showhomes further alleges that Saavedra was operating a competing business in breach of the Franchise Agreements. In December 2016, Showhomes sent a letter to Saavedra requesting various financial and auditing documents related to LEB's business and its contracts with Showhomes. Saavedra did not respond. On March 10, 2017, Showhomes filed this suit against Saavedra and LEB, alleging four counts of breach of contract and one count of fraud and misrepresentation under the Franchise Agreements. The defendants responded with a Motion to Dismiss, or, in the Alternative, Transfer Venue, seeking to have the case dismissed or transferred to Dallas pursuant to a forum-selection clause in the Franchise Agreements.

**MOTION TO TRASNFER VENUE**

In the interest of judicial economy, the court considers the motion to transfer venue first. For the reasons discussed below, the court finds that the transfer of venue is appropriate, and the court will not reach the motion to dismiss.

I.  **Legal Standard**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." With this statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). However, this discretion is limited significantly when a valid forum-selection clause governs the parties' dispute. In *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013), the Supreme Court explained that "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id*. at 581 (internal citations omitted).

*Atlantic Marine* directs that district courts may not consider the plaintiff's choice of forum or private interests when a valid forum-selection clause is present. *Id.* at 581-82. "As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* (internal citations omitted).

**II.     Analysis**

The Franchise Agreements, which govern this dispute,[1] contain a valid forum-selection clause:

> 20.8 LITIGATION. WITH RESPECT TO ANY CONTROVERSIES, DISPUTES OR CLAIMS WHICH ARE NOT FINALLY RESOLVED THROUGH MEDIATION AS PROVIDED IN SECTION 20.7. ABOVE, THE PARTIES IRREVOCABLY SUBMIT THEMSELVES TO THE JURISDICTION OF THE STATE COURTS OF DALLAS COUNTY, TEXAS AND THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVSION, AND HEREBY WAIVE ALL QUESTIONS OF PERSONAL JURISDICTION FOR THE PURPOSE OF CARRYING OUT THIS PROVISION. THE PARTIES AGREE THAT SERVICE OF PROCESS MAY BE MADE UPON THEM IN ANY PROCEEDING RELATING TO OR ARISING OUT OF THIS AGREEMENT OR THE RELATIONSHIP CREATED BY THIS AGREEMENT BY ANY MEANS ALLOWED BY TEXAS OR FEDERAL LAW. FRANCHISEE AND FRANCHISOR FURTHER AGREE THAT VENUE FOR ANY PROCEEDING RELATING TO OR ARISING OUT OF THIS AGREEMENT SHALL BE DALLAS COUNTY, TEXAS.

---

[1] The court rejects the defendants' contention that the Assignment Agreement is the operative contract for the purposes of this case. It is the Franchise Agreements under which Showhomes brings its claims, and Showhomes' pleadings are based on conduct that took place prior to the execution of the Assignment Agreement and during the time the Franchise Agreements undisputedly governed the relationship between the parties.

The Franchise Agreements were understood and willingly entered into by both parties. The forum-selection clause is clear in its terms and facially valid. The clause thus governs this dispute.

Showhomes contends that public-interest factors overcome the forum-selection clause because there is no nexus between the circumstances of this case and Texas. The public-interest factors that Showhomes cites are as follows: (1) the enforceability of the judgment; (2) practical considerations affecting trial management; (3) docket congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law.

As applied, these factors do not supplant *Atlantic Marine*'s strong presumption in favor of the forum-selection clause. Moreover, factors (3) and (6) strongly support transfer, given this court's highly-congested docket and the Franchise Agreements' selection of Texas law for disputes arising out of the contracts. Factors (1) and (2) are of no concern under the circumstances of this case—the court sees no issues of enforceability or trial management arising from a transfer to Texas. And, with regard to factors (4) and (5), there is no local interest or public policy that requires this case to be heard in Tennessee. The alleged conduct that forms the basis of Showhomes' claims took place in Florida, and the Franchise Agreements under which the claims were brought concerned operations and territories in Florida. Showhomes' arguments regarding the lack of nexus between this case and Texas are unavailing, given that *Showhomes* drafted the forum-selection clause selecting Texas as the governing forum for the Franchise Agreements. Showhomes cannot claim that local interest or public policy abrogate a contractual provision that Showhomes sought in the first place on the ground that the provision has since become inconvenient. Therefore, the court finds that the public-interest factors do not overcome

the *Atlantic Marine* presumption in favor of the forum-selection clause. The clause governs, and the case will be transferred to Texas accordingly.

## **CONCLUSION**

For the foregoing reasons, the defendants' Motion is **GRANTED**, and the court hereby **ORDERS** that this action be transferred to the United States District Court for the Northern District of Texas, Dallas Division.

Enter this 24th day of August 2017.

_____
ALETA A. TRAUGER
United States District Judge